IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| *In re Application of* <br> NORDEX ENERGY SE & CO. KG, <br> Movant. | Miscellaneous Action <br><br> No. 2:24-mc-00018-MSG |

**[PROPOSED] PROTECTIVE ORDER**

WHEREAS, on May 31, 2024, the Court granted Nordex Energy SE & Co. KG's ("Nordex") Application pursuant to 28 U.S.C. § 1782 to take discovery from SKF USA, Inc. ("SKF USA") (ECF No. 12);

WHEREAS, on June 13, 2024, Nordex served two subpoenas on SKF USA, a subpoena for documents and a subpoena for a deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Subpoenas");

WHEREAS, on August 8, 2024, SKF USA moved to vacate the Court's order authorizing Section 1782 discovery (ECF No. 21), which Nordex opposed on September 12, 2024 (ECF No. 26), and which the Court denied on May 8, 2025 (ECF No. 31);

WHEREAS, on May 23, 2025, SKF USA objected to the Subpoenas *inter alia* because the requested materials "contain confidential and highly confidential information and/or reflect SKF USA's confidential procedures that are not shared with the public" and also "to the extent [Nordex] seeks to require SKF USA to produce or testify about private, trade secret, proprietary, and/or confidential records of non-parties";

WHEREAS, to resolve that objection Nordex and SKF USA agreed to enter into a stipulated protective order;

WHEREAS, pursuant to Section 5 of the Court's Policies and Procedures, "good cause" exists to enter this stipulated protective order "pursuant to Fed. R. Civ. P. 26(c)(1)(G) and the mandates *of Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) *and In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019)" as the documents sought involve proprietary manufacturing methods used by SKF USA for competitors of Nordex and also may include private business information about Nordex, such as parts sold to them and investigations about the use of the parts sold to them.

NOW THEREFORE, it is stipulated and agreed by and between the undersigned attorneys as follows:

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Contemplated Foreign Proceeding or, if necessary, this action may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order shall not prevent the use of Protected Material in the Contemplated Foreign Proceeding, provided that such use remains within the scope of this Order as set forth in Section 11.4 below and the local rules in the applicable court setting forth the procedures that must be followed and the standards that will be applied when the Receiving Party seeks permission from a court to file material under seal or with equivalent confidential treatment.

2. <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Contemplated Foreign Proceeding: The contemplated "German Proceedings" against SKF GmbH for breach of the "Agreements" as identified in Applicant Nordex's Section 1782 Application, ECF No. 1-1 at 1, 13, directed to SKF USA, including, for the avoidance of doubt, the "pre-trial proceedings for the taking of evidence" (*selbständiges Beweisverfahren*) pending before the Regional Court (*Landgericht*) of Hamburg (case no. 329 OH 9/23) pursuant to Section 485 of the German Code of Civil Procedure (*id.* at 9) and any subsequent or parallel court proceedings in Germany relating in full or in part to the subject matter of the proceedings pending before the Regional Court of Hamburg.

2.4 Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.5 Designating Party: a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in response to the subpoenas served in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the discovery proceedings in this action or litigation in the Contemplated Foreign Proceeding who (1) has been retained by a Party, its Counsel, or court to serve as an expert witness or as a consultant in this action or the Contemplated Foreign Proceeding, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "Confidential Information or Items" that are of such a private, sensitive, competitive or proprietary nature that disclosure to persons other than those identified in paragraphs 7.3 and/or 7.4 below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the Producing Party. A designation of Confidential Information as Highly Confidential – Attorney's Eyes-Only Information constitutes a representation that such Confidential Information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such a designation.

2.9 Authorized In-House Counsel: the in-house counsel of Nordex or SKF GmbH or any affiliate of Nordex or SKF GmbH who is authorized to view information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of paragraphs 7.3(g) and 7.4.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this action or the Contemplated Foreign Proceeding but are retained to represent or advise a party to this action or the Contemplated Foreign Proceeding and have appeared or will appear in this action or the Contemplated Foreign Proceeding on behalf of that party or are affiliated with a law firm which has appeared or will appear on behalf of that party.

2.12 Party: Nordex and SKF USA (separately or collectively), including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party that produces Disclosure or Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

    2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    <u>DURATION</u>

Even after final disposition of this action and the Contemplated Foreign Proceeding, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) with prejudice dismissal of all claims and defenses in the Contemplated Foreign Proceeding; (2) without prejudice dismissal of all claims and defenses in the Contemplated Foreign Proceeding if a new action is not filed within one year; and (3) final judgment therein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law. This time may be extended or tolled by agreement of the Parties.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated when the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," to each page that contains protected material. If only a portion or portions of the material

on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

If applicable, all bank account numbers, social security numbers, dates of birth, passport numbers, personal addresses, and other personally identifiable information shall be redacted before filing in the courts and, if applicable, in accordance with the courts' local rules.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 14 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

If a Party reasonably expects a deposition, hearing, or other proceeding in this action or in the Contemplated Foreign Proceeding to include Protected Material, that Party shall give ten (10) days' notice to any party expected to attend such proceeding so that such parties can ensure that only individuals authorized by this Order are present at those proceedings. The use of a document as an exhibit at a deposition or hearing shall not in any way affect its designation as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If Protected Material is used in a deposition or hearing in this action or the Contemplated Foreign Proceedings, the Party using the information must take all reasonable measures to ensure that Protected Material remains confidential, including, to the extent allowed by law, that the court reporter not retain any physical or digital copies after the full transcript it sent to the parties.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. If there is a dispute concerning a designation, the Challenging Party may object to the designation within a reasonable time of identifying the dispute.

    6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith within 7 days of the date of service of notice. In conferring, consistent with paragraph 6.3 hereof, the burden of persuasion is on the Designating Party to justify the designation, and the Challenging Party shall state the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to state the basis for the chosen designation.

    6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under the applicable local rules within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within the required time shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case or the Contemplated Foreign Proceeding only for prosecuting, defending, or attempting to settle this Section 1782 action or the Contemplated Foreign Proceeding. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Contemplated Foreign Proceeding has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION). The Receiving Party may translate Protected Material into German for use in the Contemplated Foreign Proceeding, provided that such translations are treated in accordance with this Order.

Protected Material must be stored and maintained by a Receiving Party and any persons identified in paragraphs 7.2 and/or 7.3 that received Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action or the Contemplated Foreign Proceeding, as well as their support staff;

(b) the officers, directors, and employees of the Receiving Party, or any affiliate of the Receiving Party, to whom disclosure is reasonably necessary for this action or the Contemplated Foreign Proceeding;

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this action or the Contemplated Foreign Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d) the court here or in the Contemplated Foreign Proceeding and their personnel;

(e) deposition reporters and their staff, professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this action or the Contemplated Foreign Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**) or have undertaken other equally restrictive confidentiality obligations;

(f) during or in preparation for their deposition or testimony at hearings or trial, witnesses, or any person who counsel reasonably believes are potential witnesses or sources of information that may be evidence, in the action or in the Contemplated Foreign Proceeding to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), unless otherwise agreed by the Designating Party or ordered by the court.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) the parties to the Contemplated Foreign Proceeding to whom disclosure is reasonably necessary for that action; and

(i) any person to whom disclosure is permitted or required by the court here or in the Contemplated Foreign Proceeding.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and in the Contemplated Foreign Proceeding, as well as their support staff;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this action or the Contemplated Foreign Proceeding, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(c) the court here or in the Contemplated Foreign Proceeding and its personnel;

(d) deposition reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation or the Contemplated Foreign Proceeding and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**) or have undertaken other equally restrictive confidentiality obligations;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) any person to whom disclosure is permitted or required by the court here or in the Contemplated Foreign Proceeding; and

(g) if necessary for purposes of this action or the Contemplated Foreign Proceedings, in-house counsel representative(s), witnesses, reasonably contemplated witnesses, or third parties to whom disclosure is reasonably necessary for Nordex and/or SKF GmbH, subject to the procedures set forth in paragraph 7.4, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

      7.4     <u>Procedures for Approving or Objecting to Disclosure of Protected Material to Other Persons under Paragraph 7.3(g)</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose any Protected Material to other persons identified in Paragraph 7.3(g) first must provide a written notice to the Designating Party that (1) identifies the general categories of Protected Material that the Receiving Party seeks to disclose to such person, (2) sets forth the name of such person, and (3) identifies the person's current employer and the basis for the reasonable necessity of disclosure.

(b) Within three (3) business days of receiving such notice, the Designating Party must notify the other Party of any objection to the disclosure. If the Designating Party does not provide such notice within three (3) business days, the other Party may disclose the subject Protected Material to the identified person.

(c) Where the Designating Party timely objects pursuant to paragraph 7.4(b), the parties shall meet and confer to try to resolve the matter by agreement within 7 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure may seek relief from the court. Absent agreement from Designating Party, lack of timely objection from Designating Party, or relief from the court, the Protected Material cannot be disclosed to other persons identified in Paragraph 7.3(g).

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party within fourteen (14) days of receipt of the subpoena or court order. Such notification shall include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or withholding production would violate the law or a court order. The Designating Party shall bear the burden of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) to the extent reasonably practicable, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) to the extent reasonably practicable, request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

11. <u>MISCELLANEOUS</u>

11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

11.2   <u>Right to Assert Other Objections</u>. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.3   <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

11.4   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record either in this action or the Contemplated Foreign Proceeding any Protected Material but must instead seek to file such Protected Material under seal or with equivalent confidential treatment in the Contemplated Foreign Proceeding.  The Receiving Party shall apply to the court in the Contemplated Foreign Proceeding for confidential treatment of the Protected Material pursuant to Section 273a of the German Code of Civil Procedure (*Zivilprozessordnung*),

i.e. (1) formal declaration of the Protected Material as confidential and (2) limitation of the access to the Protected Material submitted, as well as to the oral hearing and the transcript thereof, to those persons permitted to access the Protected Material under this Protective Order. If the court in the Contemplated Foreign Proceeding refuses to grant such confidential treatment or denies the application for non-public proceedings, the Receiving Party shall promptly notify the Designating Party. Thereafter, if the Designating Party or its affiliates do not take any further action to protect the Protected Materials within seven (7) days, the Protected Material may be filed in accordance with the requirements and procedures of the court, to the extent legally permissible under the applicable law.

      11.5    <u>No Waiver of Trade Secrets</u>: The disclosure of information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," whether inadvertent, pursuant to court order, or otherwise, shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

      11.6    <u>Attorney Advice</u>: Nothing in this Order shall bar Counsel or Authorized In-House Counsel from rendering advice to their clients or employers, respectively, with respect to proceedings before the courts and/or relying upon any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". However, no transmission from Counsel or Authorized In-House Counsel to their client or employers, respectively, verbally or written shall be made regarding the specifics of information that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

      11.7    <u>Jurisdiction:</u> The parties agree to submit to the jurisdiction of this Court for the resolution of any violations of this Order.

      11.8    <u>Notice:</u>  Any notice required to be given hereunder shall be given to Outside Counsel of Record for the Party to be noticed.

11.9    The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

12.    FINAL DISPOSITION

Within 60 days after the final disposition of the Contemplated Foreign Proceeding, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

The Protected Material must also be returned or destroyed if Nordex does not initiate the Contemplated Foreign Proceeding within one year of the finalization of the "pre-trial proceedings for the taking of evidence" (*selbständiges Beweisverfahren*) pending before the Regional Court (*Landgericht*) of Hamburg (case no. 329 OH 9/23) pursuant to Section 485 of the German Code of Civil Procedure. The one-year period shall be tolled during any time period this Court or any appellate court stays the use of the Protected Material. Any Party may request an extension of this one-year deadline by letter motion to this Court, and non-requesting party can object by letter within 3 business days, provided that such objection is not made unreasonably.  This time may be extended or tolled by agreement of the Parties.

Dated: Philadelphia, PA
September 12, 2025

| | |
|---|---|
| PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP | REED SMITH LLP |
| /s/ Alexander M. Owens | /s/ Timothy J. Muyano |
| William Pietragallo, II | Timothy J. Muyano |
| Alexander M. Owens | REED SMITH LLP |
| 1818 Market Street, Suite 3402 | Three Logan Square, Suite 3100 |
| Philadelphia, PA 19103 | 1717 Arch Street |
| wp@pietragallo.com | Philadelphia, PA 19103 |
| amo@pietragallo.com | Tel: (215) 851-8100 |
| 215-320-6200 (Telephone) | tmuyano@reedsmith.com |
| 215-754-5184 (Telecopy) | |
| | Edward M. Mullins (*PHV pending*) |
| | Felipe Berer (*PHV pending*) |
| | Sujey S. Herrera (*PHV pending*) |
| CHAFFETZ LINDSEY LLP | REED SMITH LLP |
| | 200 South Biscayne Boulevard, Suite 2600 |
| /s/ Cecilia F. Moss | Miami, FL 33131 |
| Cecilia F. Moss (*pro hac vice*) | Tel: (786) 747-0200 |
| Gretta Walters (*pro hac vice*) | emullins@reedsmith.com |
| R. Matthew Burke (*pro hac vice*) | fberer@reedsmith.com |
| 1700 Broadway, 33rd Floor | sherrera@reedsmith.com |
| New York, NY 10019 | |
| Telephone: (212) 257-6964 | *Attorneys for SKF USA Inc.* |
| Facsimile: (212) 257-6950 | |
| c.moss@chaffetzlindsey.com | |
| g.walters@chaffetzlindsey.com | |
| r.burke@chaffetzlindsey.com | |

*Attorneys for Nordex Energy SE & Co. KG*

**IT IS SO ORDERED.**

**DONE AND ORDERED** this _____ day of September, 2025.

_____
MITCHELL S. GOLDBERG
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania on _____ [date] in the case of In re Nordex Energy SE & CO. KG, Case No. 2:24-mc-00018-MSG. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Pennsylvania agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____